IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

CARLOS F ESCRIBANO & CO INC      CASE NO. 10-03785 BKT

Chapter 11

            Debtor(s)      FILED & ENTERED ON 08/03/2010

### OPINION AND ORDER

Before the Court are the conflicting memoranda of law presented by the Internal Revenue Service ("IRS") and Firstbank Puerto Rico ("Firstbank"). Each party claims entitlement to the amounts consigned by Medtronic Puerto Rico Operations, Co. [Dkt. Nos. 75 and 76, respectively]. For the reasons stated below, the Court concludes that the IRS's Notice of Federal Tax Lien was appropriately filed at the District Court of Puerto Rico, and therefore, Firstbank's entitlement to the consigned funds is subordinated to the claim made by the IRS.

### Procedural Background

Prior to the filing of the above-captioned case, the debtor's primary client- Medtronics- was presented with competing claims over certain accounts receivable due to the debtor. The IRS claims a lien upon said money, while Firstbank insists it has a superior UCC security interest over the same funds. At the hearing held on May 19, 2010, the Court ordered Medtronic to consign the totality of the pre-petition accounts receivable with the Clerk of the Bankruptcy Court [Dkt. No. 27]. Said money, in the amount of $194,099.29, was received on May 21, 2010 [Dkt. Nos. 32, 33, 34]. At the June 15, 2010 hearing, the Court ordered both parties to file briefs addressing whether the government's lien was appropriately filed and whether proper notice was given [Dkt. No. 69]. The

IRS and Firstbank both complied with the order on July 6, 2010 [Dkt. Nos. 75 and 76, respectively]. The matter is submitted.

This court has jurisdiction over the subject matter and the parties pursuant to the 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).

### Propriety of IRS Notice Filing

Both the IRS and Firstbank assert their respective claim is the superior demand over the debtor's pre-petition accounts receivable from Medtronic. The IRS bases much of their argument on the provisions of the Tax Code which focuses on the requirements of a federal tax lien, as found in 26 U.S.C. §§ 6321-6327; while Firstbank relies on the Uniform Commercial Code, as codified in the Laws of Puerto Rico in 19 L.P.R.A §§ 2001-2207 ("PR-UCC"). As such, we must now "enter with some trepidation the tortured meanderings of federal tax lien law, intersected now by the somewhat smoother byway of the Uniform Commercial Code." Texas Oil & Gas Corp v. U.S., 466 F.2d 1040, 1043 (5th Cir. 1972).

The IRS argues that 26 U.S.C. § 6323 controls the procedure for the filing of notice of a federal tax lien. The relevant part of section 6326 states that a notice of lien should be filed "in the office of the clerk of the United States district court for the judicial district in which the lien is situated, whenever the State has not by law designated [another office]." 26 U.S.C. § 6323(f)(1)(B). In 1976, the First Circuit Court of Appeals determined that "Puerto Rico has failed to designate an office for filing notices of federal tax liens on personal property" and as such, the U.S. District Court was the proper location for filing under the Tax Code. United States v. Flores, 535 F.2d 135, 138 (1st Cir. 1976). However, Firstbank argues that when the Puerto Rican legislature later incorporated

the PR-UCC, the Department of State of the Commonwealth of Puerto Rico became the proper location for all such filings. 19 L.P.R.A. § 2151(1)(b).

As the bank acknowledges, the PR-UCC expressly lists those instances which are excluded from the terms of the title. 19 L.P.R.A. § 2004. This section of the PR-UCC includes an exclusion for "a security interest subject to any statute of the United States." Id. A "security interest" here is defined as "a right in rem in personal property or real property by destination which secures payment or performance of an obligation." 19 L.P.R.A. § 451(37). The bank incorrectly applies the definition of a "purchase money security interest" as found in section 2007 to the broader term "security interest" as defined in section 451(37) and made applicable to sections 2001-2207 by section 2005(4) of the PR-UCC. The Bank is correct in concluding that a federal tax lien does not fall under the definition of a "purchase money security interest"; however, it is the broader definition of security interest which is applicable. As such, a federal tax lien is excluded by the terms of section 2004 from the filing requirement of section 2151 of the PR-UCC.

Even assuming, *in arguendo*, that the lien notice was not excluded from the terms of the PR-UCC, the Court is reluctant to adopt the argument advanced by Firstbank; as doing so would require classifying a UCC security interest as equivalent to a federal tax lien. A security interest under the PR-UCC is not enforceable and does not attach unless there is first an agreement between the parties regarding possession and control of the collateral, a value has been given over said collateral, and the debtor retains rights in it. 19 L.P.R.A § 2053. Additionally, a UCC security interest cannot be perfected until first filed in either the Registry of Property or the office of the Secretary of State and requires the submission of a financing statement which must be signed by the debtor. 19 L.P.R.A §§ 2151, 2152. In contrast, a federal tax lien comes into effect as against the debtor at the moment the

taxpayer "neglects or refuses to pay" the taxes due "after demand." 26 U.S.C. § 6321. The filing requirement of 26 U.S.C. § 6323 is only necessary to impose the lien against third-party creditors of the indebted taxpayer. Further, the IRS is not required to have any cooperation or agreement from the taxpayer, prior to or as a part of the imposition of the lien and the filing of the notice. In light of such contrasts in their most basic nature, the Court is unwilling to conclude that the IRS should abide by any of the conditions which a party under the PR UCC must- including the place of filing directive.

### Sufficiency of Notice

Firstbank claims that because the IRS should have known of the commercial relationship between the Bank and the Debtor, constructive notice at the time of filing should have been provided. However, it has been held that the act of filing in and of itself provides third parties with constructive notice. SSG, Inc v. Omni Medical Health & Welfare Trust, 1993 WL 160595, at *4 (D. Mass 1993) (quoting United States v. Sirico, 247 F.Supp. 421, 422 (S.D.N.Y. 1965)). As such, the filing of notice under the terms of 26 U.S.C § 6323 perfects the lien against all creditors of the indebted-taxpayer, which includes Firstbank in the present case.

### Conclusion

Upon finding that the IRS correctly filed the Notice of Federal Tax Lien, and therefore, has a claim superior to Firstbank's PR-UCC security interest, the Court now orders the IRS to submit their position as to the amounts owed under the terms of the lien within twenty-one (21) days.

IT IS SO ORDERED.

San Juan, this 03 day of August, 2010.

Brian K. Tester
U.S. Bankruptcy Judge